**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal Case No.: 1:18-po-01083-SAG |
| JOHN D. BARBER, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

On November 17, 2017, Defendant John David Barber ("Mr. Barber"), an employee working at Fort George G. Meade ("Fort Meade"), received a citation for using a handheld cellular device while operating his motor vehicle. On June 6, 2018, this Court held a bench trial, where Mr. Barber represented himself. For the reasons set forth below, this Court finds Mr. Barber not guilty.

## I.   FACTS

The following factual summary is derived from the recorded trial testimony. The alleged traffic violation took place at the W1 parking lot ("W1 Lot"), located within Fort Meade. The W1 Lot is a paved parking lot for Fort Meade employees. It is a relatively small parking lot with certain driving lanes that are one-way and certain driving lanes that two-way. At the end of the lanes, there are either stop signs or painted stop lines on the cement. On November 17, 2017, at approximately 9:30 a.m., Officer Jose Cajigas-Flores (ID #1492) observed a 2004 black Jeep Grand Cherokee in motion and approaching a stop line in one of the W1 Lot's single lanes. According to Officer Cajigas-Flores, the Jeep was positioned immediately in front of him, and he observed the driver of the vehicle, Mr. Barber both: (1) talking on his handheld phone; and (2)

1

subsequently failing to fully stop at the stop line prior to making a left-hand turn in the W1 Lot. Approximately "fifty feet" behind the Jeep, Officer Cajigas-Flores observed Mr. Barber through the Jeep's rear window prior to Mr. Barber making the left-hand turn, and through its driver-side window as the left-hand turn progressed. Mr. Cajigas-Flores testified that, through both windows, he observed Mr. Barber holding his handheld phone to his ear.

Upon witnessing Mr. Barber "run" the stop sign, Officer Cajigas-Flores initiated a traffic stop. Officer Cajigas-Flores testified that, after stopping the Jeep, Mr. Barber placed the cell in a dashboard phone mount. Further, Office Cajigas-Flores testified that, upon approaching the vehicle's driver-side window, he observed Mr. Barber continuing his cell phone conversation, and that he knew the call remained ongoing, because "he watched the phone and watched the minutes go by." Officer Cajigas-Flores subsequently issued Mr. Barber a citation for using a handheld device while his vehicle was in motion.[1]

Directly contradicting Officer Cajigas-Flores's testimony, Mr. Barber testified that, as soon as he started his Jeep to drive to work, he placed the phone in his dashboard phone mount. Mr. Barber contends the phone never left the mount, and that he regularly leaves the phone in the mount, because he cannot take the phone into the Agency. Mr. Barber also testified that he was aware of Officer Cajigas-Flores's presence behind him in the W1 Lot and that he completely stopped at the stop line, because it would defeat "common sense to run a stop line when an

---

[1] At trial, the Government believed that, under Maryland law, operating a handheld telephone while the vehicle is in motion is a secondary offense, and that, consequently, probable cause for a separate underlying traffic offense must first exist to initiate the stop. Accordingly, the Government argued that, while Mr. Barber was not charged with failing to stop at a stop sign, the traffic violation, nonetheless, constituted the primary offense necessary to initiate the stop. This Court's review of Maryland law, however, reveals that the use of a handheld device while the vehicle is in motion (Md. Code Ann., Transp. § 21-1124.2(d)(2)) is no longer a secondary offense. Effective October 1, 2013, the statute was amended to expressly repeal the provisions of the law that required its enforcement solely as a secondary offense. *See* 2013 Maryland Laws Ch. 638 (S.B. 339). The Court notes, however, that the Government's error is immaterial to its present holding, since the parties presented conflicting testimony both as to the traffic stop and the use of the handheld phone.

officer is directly right behind me." Furthermore, Mr. Barber pointed out that the windows on his Jeep are tinted with a factory black/smoke tint. Mr. Barber thus disputed Officer Cajigas-Flores's ability to observe him, from a distance of approximately fifty feet, through both the rear window and the driver-side window. Finally, as a result of Mr. Barber's commercial driving experience, he testified that, hypothetically, if he were going to use a handheld device while driving, it would be in his right hand, both because he is right-hand dominant and because he always drives with his left hand on the steering wheel. Notably, on cross-examination, Officer Cajigas-Flores could neither recall: (1) whether the Jeep's windows were tinted; or (2) in which hand, and to which ear, Mr. Barber allegedly held the handheld device. Accordingly, the evidence presented at trial consisted solely of conflicting testimonies by Officer Cajigas-Flores and Mr. Barber, both as to whether Mr. Barber stopped at the stop line and as to whether he held the handheld device to his ear.

## II. ANALYSIS

The Government bears the burden of proof to establish every element of an offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 363 (1970). In the instant case, the Government has not met its burden. At trial, the Government offered only the testimony of the citing officer. There were no attempts to proffer corroborating evidence, such as additional witness testimony, that might be sufficient to establish proof of guilt beyond a reasonable doubt. *See United States v. Corbett*, Crim. No. RWT 11-0467, 2014 WL 1765947, at *1 (D. Md. Apr. 30, 2014) (affirming a conviction for failure to stop at a stop sign when the prosecutor offered testimonies by both the citing officer and an accompanying officer who heard the passenger admit that "[the driver] didn't stop, but she did it safely").

3

The instant case therefore boils down to the credibility of Officer Cajigas-Flores and Mr. Barber. While the defendant's interest is a relevant factor in determining his credibility, Mr. Barber's stake in the outcome "does not imply that the court may arbitrarily single out his testimony, and denounce it as false." *Reagan v. United States*, 157 U.S. 301, 305 (1895); *see also United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (noting that the trier of fact should "evaluate the defendant's testimony in the same way it judges the testimony of other witnesses" and that "an instruction that the defendant's interest in the outcome of the case creates a motive to testify falsely impermissibly undermines the presumption of innocence because it presupposes the defendant's guilt"). It would undermine the axiomatic principles of the criminal justice system to deem Mr. Barber's testimony false simply because of his "motive" to avoid conviction for a traffic violation. During his testimony, Mr. Barber spoke clearly, confidently, and with considerable detail when recounting the events that took place on November 17, 2018. Meanwhile, Officer Cajigas-Flores could not recall the hand in which Mr. Barber was allegedly holding the handheld device while his vehicle was in motion.

Though this Court finds Officer Cajigas-Flores's testimony to be credible, his testimony on its own does not hold sufficient weight to establish Mr. Barber's guilt beyond a reasonable doubt. It would be improper for this Court to ascribe greater weight to Officer Cajigas-Flores's testimony simply because of his status as a law enforcement officer. *See United States v. Hammond*, 44 F. Supp. 2d 743, 746 n.1 (D. Md. 1999) ("It would be . . . improper for the Court to accept unquestioningly the testimony of a witness *because* he is a police officer.") (emphasis in original). In light of the evidence presented at trial from two equally credible witnesses, and the Government's burden of proof, this Court finds Mr. Barber not guilty of using a handheld

telephone device while driving in violation of 18 U.S.C. 13 (adopting Md. Code Ann., Transp. § 21-1124.2(d)(2) (West)).

Dated: June 7, 2018

/s/
Stephanie A. Gallagher
United States Magistrate Judge